L. E. GOODE, Appellant, v. AMERICAN RAILWAY EXPRESS COMPANY, Appellee.

OCTOBER 18, 1927.

SUPPLEMENTAL OPINION FEBRUARY 14, 1928.

298

*T. P. Bence*, for appellant.

*D. H. Payne* and *Charles W. Stockton*, for appellee.

EVANS, C. J.—On May 28, 1920, the plaintiff obtained a judgment against the Adams Express Company for the sum of $785 and costs. On May 29, 1920, he obtained a judgment against the same company for approximately $2,400. The cause of action in which the first judgment was entered, was for the loss of a shipment of furs; and that in which the second judgment was entered, was for the loss of a shipment of eggs. In July, 1918, the American Railway Express Company took over the business of the Adams Express Company, pursuant to certain Federal legislation. The losses for which the plaintiff obtained his judgments had occurred prior to July, 1918. Sometime prior to June, 1922, the plaintiff brought a personal action at law against the American Railway Express Company, to recover his damages for the loss of the egg shipment, being the same cause of action as that in which the plaintiff obtained judgment against the Adams Express Company. The law action against the present defendant was predicated upon the theory that this defendant was liable for the loss, under the contract by which it became successor to the Adams Express Company; and this defendant interposed its defense thereto. For a consideration agreed on between counsel, and paid by this defendant, the plaintiff dismissed that action. Such is the transaction which is pleaded herein by the defendant as a compromise and settlement. The contention for the plaintiff is that such dismissal was not intended as a settlement, but that the same was a voluntary dismissal on his part, without prejudice, and with full reservation of right to renew action upon the same cause. And this presents the question for our consideration.

It appears without dispute that counsel for plaintiff addressed to the counsel for the defendant the following communication, which became the basis of the alleged settlement:

"To D. H. Payne, Attorney:

"I agree to dismiss the case No. 6126—Law, L. E. Goode v. The American Railway Express Company on payment of the costs taxed at $12.65 and the payment of the judgment entered against the Adams Express Company May 28th, 1920, No. 6111 —Law of $785.85 with 6 per cent interest and the costs taxed at $98.10.

"The rights of the parties *to the action and the judgment obtained May 29th, 1920* against Adams Express Co. of $2426.42 are not to be affected by the dismissal of the case above referred to No. 6126, or the payment of the judgment of May 28, 1920.

"[Signed] T. P. Bence
"Attorney for L. E. Goode, Pltf."

This proposition was accepted by the defendant, and full payment made in accordance therewith. The dispute between the parties narrows down to the construction and effect to be given to the language of the above instrument, and especially of the reservation contained therein. The plaintiff construes the reservation to refer to the rights of the parties to the action in which the settlement was proposed, known in the record as No. 6126; whereas the defendant construes it to refer to the rights of the parties to the action and judgment of May 29, 1920, known in the record as No. 6111. Action No. 6126 was predicated upon the same cause of action against this defendant as was the judgment of May 29, 1920, against the Adams Express Company. No action had been brought by the plaintiff against this defendant for the alleged loss of furs, which was the basis of the judgment of May 28, 1920, known also as No. 6111. The amount due the plaintiff from the Adams Express Company under that judgment was simply used as the measure of the consideration for the alleged settlement of No. 6126.

Treating the language of the above reservation as ambiguous, the parties mutually entered the field of oral evidence in explanation thereof and for the purpose of showing the mutual construction which they put upon it at the time. The defendant paid the consideration, and the plaintiff filed a written dismissal, and caused a formal dismissal to be entered upon the court docket. Neither the dismissal filed nor the entry upon the

court docket purported in terms to be without prejudice. The oral evidence consisted of the testimony of the two attorneys who conducted the negotiations. The circumstances surrounding the parties are strongly corroborative of the contention of the defendant. No reason is shown or suggested why the defendant should pay a substantial consideration for the dismissal, if such dismissal was to be without prejudice to a future action upon the same cause. Nor is there any apparent reason why the plaintiff should dismiss his action at all, if he expected to renew it. Under his contention, he could dismiss it today and renew it tomorrow. It is significant, also, as against the plaintiff, that he did not renew his action until August, 1923, which was a few weeks after this court had handed down its opinion in *Gibson v. American R. Exp. Co.*, 195 Iowa 1126. In avoidance of the alleged settlement, it is contended that the present action is upon a different cause of action from that involved in No. 6126. That was a law action upon the original cause; whereas this action purports to be in equity, and in the nature of a creditor's bill. An examination of the plaintiff's petition in this case discloses the substantial identity of the two causes of action. Though this action is brought in equity, and though the plaintiff prays therein that his judgment be made a lien upon the defendant's property, yet no property is specified or described in any manner, nor has there been any seizure under process which calls for the aid of equity. No jurisdiction *in rem* has been acquired over any particular property. The action is purely *in personam.* The only relief by a court of equity therein would be a personal judgment against the defendant, which would necessarily be predicated upon the same state of facts as were pleaded in the first action against this defendant, in which the alleged settlement was made.

The district court sustained the defense of settlement, construing the reservations of the written agreement in accordance with the contentions of the defendant. We think such was the proper construction thereof. We deem it quite clear that the reserved rights of the parties were those in "the action and the judgment obtained May 29, 1920." From such action and judgment No. 6126 was expressly differentiated in the closing clause of the proposal. If the question of construction were closer at this point than it is, some account would have to be

taken of the fact that the language under consideration was that adopted by the plaintiff, through his counsel. He framed the instrument. Its ambiguities, therefore, are to be solved against him. We think, also, that the oral testimony discloses that the real purpose of this reservation was to avoid any question as to the right of the plaintiff to proceed to the enforcement of his judgment against the Adams Express Company upon this judgment, notwithstanding the extinguishment of the first judgment.

It is our conclusion, therefore, that the district court prop-. erly sustained the defense of settlement. We have no occasion to consider the other defense, and it is reserved from the adjudication.

The judgment is affirmed on this ground.—*Affirmed.*

DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.

## Supplemental Opinion.

EVANS, J.—This case, as originally submitted, was in equity, and heard here *de novo*. The action was brought upon a cause of action that originated against the Adams Express Company, and against this defendant on the theory that it was the successor of the Adams Express Company, and had assumed its obligations. A purported judgment had been previously obtained by the plaintiff against the Adams Express Company. Two affirmative defenses were interposed: (1) A former discharge by compromise and settlement; (2) that the judgment obtained by the plaintiff against the Adams Express Company was void for want of jurisdiction, and therefore furnished no basis upon which to predicate claim against this defendant. The lower court sustained both of these defenses, and entered judgment for the defendant accordingly. On appeal, we sustained the defense of settlement, and this alone, as all-sufficient, and affirmed the case accordingly. We did not pass upon the question of the validity of the former judgment against the Adams Express Company. It is now urged in a petition for rehearing that our failure to pass upon this issue gives effect to the decree of the district court as an adjudication of that issue. We recognize the force of the complaint.

It is necessarily our policy, as an appellate court, to withhold expression of view upon questions that are not essential to the decision. It was not necessary for the district court to pass upon both affirmative defenses, and yet it was appropriate that it do so, because it could not foresee the view which might prevail on appeal.

In view of our conclusion upon the issue of settlement, we had no occasion to go further. It was due to the appellant, however, that we should withdraw the question of the validity of the judgment against the Adams Express Company from the adjudication. This would leave the question open in any proper case hereafter. It is accordingly so ordered.

The petition for rehearing is otherwise overruled.